WDPA CASE NO.: 2:26-mj-00290

FILED

PROB 12C
(Rev. 03/15 WVN)

# United States District Court
### for the
## Northern District of West Virginia

FEB - 9 2026

U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  Charles Smith Rippy
Reg No.  12208-087

Case Number:  5:24CR39

Name of Sentencing Judicial Officer:  Honorable John Preston Bailey, U.S. District Judge

Date of Original Sentence:  May 7, 2025

Original Offense:  Distribution of Cocaine Base, Title 21 U.S.C §§ 841(a)(1) & 841(b)(1)(C), a Class C Felony

Original Sentence:  15 months incarceration, 3 years supervised release; $100.00 S.A.F.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  October 9, 2025

---

## PETITIONING THE COURT

[X] To issue a warrant

[ ] To issue a summons

[ ] No action - A warrant has previously been requested pursuant to the original petition.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1 | **Violation of Mandatory Condition No. 1:** You must not commit another federal, state, or local crime. |
| 2 | **Violation of Mandatory Condition No. 2:** You must not unlawfully possess a controlled substance. |
| 3 | **Violation of Mandatory Condition No. 3:** You must refrain from any unlawful use of a controlled substance. |
| | On February 6, 2026, the defendant reported to the United States Probation Office as instructed. The defendant verbally admitted to unlawfully possessing and using cocaine on February 4, 2026. Violation of Title 21 U.S.C. § 844(a). (See attached admission form) |
| 4 | **Violation of Standard Condition No. 7:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected. |

Prob12C                                          -2-                        Petition for Warrant or Summons
                                                                            for Offender Under Supervision

5          **Violation of Special Condition No. 1:** You must participate in substance abuse
           treatment. The probation officer will supervise your participation in the program.

6          **Violation of Special Condition No. 3:** You must participate in a mental health
           treatment program and follow the rules and regulations of that program. The
           probation officer, in consultation with the treatment provider, will supervise your
           participation in the program (provider, location, modality, duration, intensity, etc.)

           On February 5, 2026, a home contact was conducted at the residence of Emily
           Roth. The defendant was present and admitted that he had been staying there
           despite this undersigned officer directing him to reside at Life Hub Homeless
           Shelter in Wheeling, West Virginia, until a suitable residence was obtained.
           Additionally, the defendant admitted that he was unsuccessfully discharged from
           treatment at the Veterans Affairs Hospital in Pittsburgh, Pennsylvania, due to
           noncompliance with the administration's policies. (Attempts to verify this
           information through records from the Veterans Affairs Hospital have been
           unsuccessful)

7          **Violation of Mandatory Condition No. 1:** You must not commit another federal,
           state, or local crime.

8          **Violation of Mandatory Condition No. 2:** You must not unlawfully possess a
           controlled substance.

9          **Violation of Mandatory Condition No. 3:** You must refrain from any unlawful
           use of a controlled substance.

           On December 29, 2025, the defendant submitted a urine sample that tested
           positive for cocaine. This sample was sent to Alere Toxicology for confirmation.
           On January 4, 2026, Alere Toxicology confirmed the urine sample positive for
           cocaine. Violation of Title 21 U.S.C. § 844(a). (See attached confirmation form)

10         **Violation of Mandatory Condition No. 1:** You must not commit another federal,
           state, or local crime.

11         **Violation of Mandatory Condition No. 2:** You must not unlawfully possess a
           controlled substance.

12         **Violation of Mandatory Condition No. 3:** You must refrain from any unlawful
           use of a controlled substance.

           On December 15, 2025, the defendant submitted a urine sample that tested
           positive for cocaine. The defendant signed and dated an admission form admitting
           to unlawfully possessing and using cocaine on December 11, 2025. Violation of
           Title 21 U.S.C. § 844(a). (See attached admission form.)

13    **<u>Violation of Standard Condition No. 7:</u>** <u>You must live at a place approved by
the probation officer. If you plan to change where you live or anything about your
living (such as the people you live with), you must notify the probation officer at
least 10 days before the change. If notifying the probation officer in advance is
not possible due to unanticipated circumstances, you must notify the probation
officer within 72 hours of becoming aware of a change or expected.</u>

14    **<u>Violation of Standard Condition No 19:</u>** <u>You must follow the instructions of the
probation officer related to the conditions of supervision</u>

On December 15, 2025, the defendant reported to the United States Probation
Office in Wheeling, West Virginia, as instructed. Upon questioning the defendant
about his residence, he disclosed that he has not been at Life Hub, and that he has
been staying at various friend's residences.

15    **<u>Violation of Special Condition No. 1:</u>** <u>You must participate in substance abuse
treatment. The probation officer will supervise your participation in the program.</u>

16    **<u>Violation of Special Condition No. 3:</u>** <u>You must participate in a mental health
treatment program and follow the rules and regulations of that program. The
probation officer, in consultation with the treatment provider, will supervise your
participation in the program (provider, location, modality, duration, intensity,
etc.).</u>

On December 15, 2025, the defendant was instructed to report to Northwood
Health Systems in Wheeling, West Virginia, for a substance abuse and mental
health assessment. The defendant failed to comply with these directives.

17    **<u>Violation of Mandatory Condition No. 1:</u>** <u>You must not commit another federal,
state, or local crime.</u>

18    **<u>Violation of Mandatory Condition No. 2:</u>** <u>You must not unlawfully possess a
controlled substance.</u>

19    **<u>Violation of Mandatory Condition No. 3:</u>** <u>You must refrain from any unlawful
use of a controlled substance.</u>

On December 1, 2025, the defendant submitted a urine sample that tested positive
for cocaine. The defendant signed and dated an admission form admitting to
unlawfully possessing and using cocaine on November 29, 2025. Violation of
Title 21 U.S.C. § 844(a). (See attached admission form)

20    **<u>Violation of Mandatory Condition No. 1:</u>** <u>You must not commit another federal,
state, or local crime.</u>

On November 24, 2025, the defendant was arrested by the Greensburg, Pennsylvania Police Department for allegedly committing the offenses of Disorderly Conduct and Public Drunkenness. These charges were filed in Westmoreland County, Pennsylvania Magistrate Court under Case Nos. MJ-10210-NT-0000381-2025 & MJ-10210-NT-0000380-2025. (See attached court documents)

On January 15, 2026, the defendant pled guilty to these charges in Westmoreland County, Pennsylvania Magistrate Court and was assessed fines and court costs. (See attached court documents)

21      **Violation of Standard Condition No. 7:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected.

22      **Violation of Special Condition No. 1:** You must participate in substance abuse treatment. The probation officer will supervise your participation in the program.

23      **Violation of Special Condition No. 3:** You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.)

On October 31, 2025, the defendant enrolled into treatment services at the Veterans Affairs Hospital in Pittsburgh, Pennsylvania, as instructed. The defendant left the facility against medical advice on November 16, 2025, and began residing with an associate in Greensburg, Pennsylvania, without approval.

24      **Violation of Mandatory Condition No. 1:** You must not commit another federal, state, or local crime.

25      **Violation of Mandatory Condition No. 2:** You must not unlawfully possess a controlled substance.

26      **Violation of Mandatory Condition No. 3:** You must refrain from any unlawful use of a controlled substance.

On October 14, 2025, the defendant submitted a urine sample that tested positive for cocaine. The defendant signed and dated an admission form admitting to unlawfully possessing and using cocaine on October 9, 2025. Violation of Title 21 U.S.C. § 844(a). (See attached admission form.)

Prob12C                                    -5-                          Petition for Warrant or Summons
                                                                       for Offender Under Supervision

**U. S. Probation Officer Recommendation**: The defendant's term of supervised release commenced on October 9, 2025. Since that date, the defendant has had multiple opportunities to address his substance abuse and noncompliant behavior. The defendant has failed to comply with the recommendations and directives provided by treatment professionals and the undersigned officer. The defendant has continued to engage in criminal conduct and use prohibited substances. It does not appear that the defendant is committed to his recovery or leading a law-abiding lifestyle at this time. Therefore, based on the above-stated violations of supervised release and the defendant's continued non-compliance, it is requested that a warrant be issued, and a hearing be scheduled to address the above-stated violation activity.

The term of supervision should be:

[X]     Revoked*

        *The probation officer's request for a warrant is a recommendation that the offender be
        detained pending a dispositional hearing.

[ ]     Extended for Number year(s), for a total term of Number year(s).

[ ]     The conditions of supervision should be modified as follows:



Respectfully submitted,

By:     Mason Huffman
        U. S. Probation Officer
        Date:  February 9, 2026

THE COURT ORDERS

[✓]  The Issuance of a Warrant
     [✓] Upon arrest detained and the petition in this matter be unsealed
     [ ] Upon arrest released on (type) bond and the petition in this matter be unsealed
[ ]  The Issuance of a Summons
[ ]  Other
[ ]  No Action.  A warrant has previously been requested pursuant to the original petition

_____
Signature of Judicial Officer

2-9-2026
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 7 |
|--|--|--|--|--|

DEFENDANT:   CHARLES SMITH RIPPY
CASE NUMBER:  5:24CR39

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of : **3 years**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court in its November 29, 2016, Standing Order, as well as with any other conditions on the attached page (if applicable).

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | |
|---|---|
| DEFENDANT: CHARLES SMITH RIPPY | Judgment—Page ___4___ of ___7___ |
| CASE NUMBER: 5:24CR39 | |

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date  9/14/25

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

| | Judgment—Page _5_ of _7_ |
|---|---|

DEFENDANT: CHARLES SMITH RIPPY
CASE NUMBER: 5:24CR39

## SPECIAL CONDITIONS OF SUPERVISION

 1) You must participate in substance abuse treatment. The probation officer will supervise your participation in the program.

2) You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3) You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

📎PROB/PTS 4

# UNITED STATES DISTRICT COURT
## FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

### ADMISSION/DENIAL REPORT
### REPORT OF POSITIVE URINALYSIS

Name: _Charles Rippy_          Docket No.: _5:24CR39_

Client _3679703_

Date Sample Taken: _02/06/2026_          Barcode #: _____

Results of Urinalysis: Positive For:     _Cocaine - Verbal Admission_

You are hereby provided with notice of a positive test result for a urine specimen submitted by you on the date indicated above. Use of prohibited substances (which includes drugs prescribed for someone other than you by a licensed physician) constitutes a violation of your release conditions. Positive test results, whether admitted or denied, are reported to the court and may result in a court hearing to determine if you are in violation of the conditions of your release. During this hearing you have the right to representation by counsel, and an attorney will be appointed for you if you cannot afford one.

**I HAVE READ AND UNDERSTAND THIS NOTICE, AND I AM AWARE OF MY RIGHTS TO A HEARING.**

Initial One:

_CSR_

[✓] I admit to illegal use of a prohibited controlled substance as indicated by the above-urine test result.

[ ] I deny illegal use of a prohibited controlled substance as indicated by the above-reported urine test result.

Signature of Client _C S Rippy_          Witnessed By _Mason Huffman_

Date _02/06/2026_          Date _02/06/2026_

Comments:

_I last used Cocaine 02/04/2026_

_CSR_


**Abbott**

# DRUG TEST REPORT

Alere Toxicology Services, Inc.
450 Southlake Blvd
Richmond, VA  23236
(800) 433-3823
FAX: (804) 379-5919

---

WEST VIRGINIA NORTHERN PROB-WHEELING
JEFF WILKINSON
1125 CHAPLINE ST
STE 101
WHEELING, WV 26003-2976
Facility Phone:  304-232-8474              Fax:  000-000-0000

| | |
|---|---|
| Account Number: | 04240000P |
| Div. Office Number: | 04240004P |
| National Lab Number: | 133614916 |
| Specimen ID Number: | B03837324 |
| Specimen Type: | URINE |

| | |
|---|---|
| Collection Site Number: | 04240004P |
| Collection Site Name: | WEST VIRGINIA NORTHERN PROB-WHEELING |
| Collection Site Address: | 1125 CHAPLINE ST., RM 101 |
| Collection Site City, State Zip: | WHEELING, WV 26003 |
| Collection Site Phone: | 304-232-8474 |
| Collection Site Fax: | 000-000-0000 |

| | |
|---|---|
| PACTS Number: | 3679703 |
| Onsite Test ID: | |
| Case Officer Initials: | MEH |
| Collector Name | |
| HUFFMAN, MASON | |

---

**Donor Name/ID:  RIPPY**

| | |
|---|---|
| Date Collected: | 12/29/25 |
| Date Received: | 12/31/25 |
| Date Reported: | 01/04/26 |

Reason for Drug Test:  Urine Surveillance

Panel Description:  BENZOYLECGONINE(COCAINE) CONF CLIN 1098

| Drug Test Result | Drug/Remark | Quantitative Value |
|---|---|---|
| POSITIVE | BENZOYLECGONINE-COCAINE METABOLITE | |

Confirmation Method:   GC/MS and/or LC-MS/MS

The following drugs and/or drug classes were tested at the indicated threshold (cut-off) levels:

| Description | Screening Level | Confirmation Level | Result |
|---|---|---|---|
| BENZOYLECGONINE-COCAINE METABOLITE | | 100 ng/ml | POSITIVE |

| Validity Test | Result | Normal Range |
|---|---|---|
| CREATININE | NORMAL | > 20 mg/dL |
| SPECIFIC GRAVITY | NORMAL | = or > 1.0030 - < 1.0450 |
| pH | NORMAL | = or > 4.0 - < 10 |

Comments        NEGATIVE FOR OXIDIZING AGENTS

---

*E all*

ERIC ALLEN - CERTIFYING TECHNICIAN/SCIENTIST

HUFFMAN, MASON

COLLECTOR NAME

PROB/PTS 4

# UNITED STATES DISTRICT COURT
### FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

### ADMISSION/DENIAL REPORT
### REPORT OF POSITIVE URINALYSIS

Name: _Charles Rippy_     Docket No.: _5:24CR39-01_

Client _3679703_

Date Sample Taken: _12/15/2025_     Barcode #: _____

Results of Urinalysis: Positive For: _Cocaine_

You are hereby provided with notice of a positive test result for a urine specimen submitted by you on the date indicated above. Use of prohibited substances (which includes drugs prescribed for someone other than you by a licensed physician) constitutes a violation of your release conditions. Positive test results, whether admitted or denied, are reported to the court and may result in a court hearing to determine if you are in violation of the conditions of your release. During this hearing you have the right to representation by counsel, and an attorney will be appointed for you if you cannot afford one.

**I HAVE READ AND UNDERSTAND THIS NOTICE, AND I AM AWARE OF MY RIGHTS TO A HEARING.**

Initial One:

[✓]  I admit to illegal use of a prohibited controlled substance as indicated by the above-urine test result.

[ ]  I deny illegal use of a prohibited controlled substance as indicated by the above-reported urine test result.

_____     _Mason Hoffman_
Signature of Client                  Witnessed By

_12/15/2025_                        _12/15/2025_
Date                                      Date

Comments: _last used Cocaine approximately 12/11/2025_

CSR

✎PROB/PTS 4

# UNITED STATES DISTRICT COURT
## FOR THE
### NORTHERN DISTRICT OF WEST VIRGINIA

### ADMISSION/DENIAL REPORT
### REPORT OF POSITIVE URINALYSIS

Name: _Charles Rippy_              Docket No.: _5:24CR39-01_

Client _3679703_

Date Sample Taken: _12/01/2025_      Barcode #: _____

Results of Urinalysis: Positive For: _Cocaine_

You are hereby provided with notice of a positive test result for a urine specimen submitted by you on the date indicated above. Use of prohibited substances (which includes drugs prescribed for someone other than you by a licensed physician) constitutes a violation of your release conditions. Positive test results, whether admitted or denied, are reported to the court and may result in a court hearing to determine if you are in violation of the conditions of your release. During this hearing you have the right to representation by counsel, and an attorney will be appointed for you if you cannot afford one.

**I HAVE READ AND UNDERSTAND THIS NOTICE, AND I AM AWARE OF MY RIGHTS TO A HEARING.**

Initial One:

CSR   ☑  I admit to illegal use of a prohibited controlled substance as indicated by the above-urine test result.

      ☐  I deny illegal use of a prohibited controlled substance as indicated by the above-reported urine test result.

_CSR_                              _Marsen Kuffman_
Signature of Client                 Witnessed By

_12/01/2025_                        _12/01/2025_
Date                                Date

Comments: _I last used Cocaine 11/24/2025_

_CSR_

# Magisterial District Judge 10-2-10

## DOCKET

Docket Number: MJ-10210-NT-0000380-2025

### Non-Traffic Docket

Commonwealth of Pennsylvania

v.

Charles S. Rippy Jr.

Page 1 of 1

### CASE INFORMATION

| | | | | |
|---|---|---|---|---|
| Judge Assigned: | Chris Flanigan | | Issue Date: | |
| OTN: | | | File Date: | 11/24/2025 |
| Arresting Agency: | Greensburg City Police Dept | | Arrest Date: | |
| Citation No.: | E 0000534-2 | | Incident No.: | GB-25-08335 |
| Disposition: | | | Disposition Date: | |
| County: | Westmoreland | | Township: | Greensburg City |
| Case Status: | Active | | | |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Active | 11/24/2025 | Awaiting Plea |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Rippy, Charles S. Jr. | Sex: | Male |
| Date of Birth: | | Race: | Black |
| Address(es): | | | |
| Home | | | |
| Pittsburgh, PA 15215 | | | |

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Murphy, Jonathan W. |
| Defendant | Rippy, Charles S. Jr. |

### CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 18 § 5503 §§ A2 | S | DISORDERLY CONDUCT-UNREASONABLE NOISE | 11/24/2025 | |

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 11/25/2025 | Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/25/2025 | First Class Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/24/2025 | Non-Traffic Citation Filed | Magisterial District Court 10-2-10 | |

MDJS 1200

Printed: 12/03/2025  9:18 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

## Magisterial District Judge 10-2-10

### DOCKET

Docket Number: MJ-10210-NT-0000381-2025

### Non-Traffic Docket

Commonwealth of Pennsylvania

v.

Charles S. Rippy Jr.

Page 1 of 1

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Chris Flanigan | Issue Date: | |
| OTN: | | File Date: | 11/24/2025 |
| Arresting Agency: | Greensburg City Police Dept | Arrest Date: | |
| Citation No.: | E 0000535-3 | Incident No.: | GB-25-08335 |
| Disposition: | | Disposition Date: | |
| County: | Westmoreland | Township: | Greensburg City |
| Case Status: | Active | | |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Active | 11/24/2025 | Awaiting Plea |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Rippy, Charles S. Jr. | Sex: | Male |
| Date of Birth: | | Race: | Black |
| Address(es): | | | |
| Home | | | |
| Pittsburgh, PA 15215 | | | |

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Murphy, Jonathan W. |
| Defendant | Rippy, Charles S. Jr. |

### CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 18 § 5505 | S | PUBLIC DRUNKENNESS AND SIMILAR MISCONDUCT | 11/24/2025 | |

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 11/25/2025 | Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/25/2025 | First Class Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/24/2025 | Non-Traffic Citation Filed | Magisterial District Court 10-2-10 | |

MDJS 1200

Printed: 12/03/2025  8:53 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# Magisterial District Court 10-2-10
## Public Court Summary

| | | |
|---|---|---|
| Rippy, Charles S, Jr. | DOB: | Sex: Male |
| Pittsburgh, PA 15215 | | Eyes: Brown |
| | | Hair: Black |
| | | Race: Black |

Aliases: CHARLES S RIPPY Jr., Charles Smith Rippy

**Court: MDJ-10-2-10**
Inactive

### MJ-10210-NT-0000380-2025
| | | OTN: |
|---|---|---|
| Arrest Date: | | Disp. Event Date: 01/15/2026 |
| Last Action: | | Last Action Date: |
| Next Action: | | Next Action Date: |

| Statute | Grade | Description | Disposition | Counts |
|---|---|---|---|---|
| 18 § 5503 §§ A2 | S | Disorderly Conduct-Unreasonable Noise | Guilty Plea | 1 |

### MJ-10210-NT-0000381-2025
| | | OTN: |
|---|---|---|
| Arrest Date: | | Disp. Event Date: 01/15/2026 |
| Last Action: | | Last Action Date: |
| Next Action: | | Next Action Date: |

| Statute | Grade | Description | Disposition | Counts |
|---|---|---|---|---|
| 18 § 5505 | S | Public Drunkenness And Similar Misconduct | Guilty Plea | 1 |

Statewide
Closed
#### Allegheny

### MJ-05225-CR-0000480-2019
| | | |
|---|---|---|
| | Processing Status: Case Transferred to Court of Common Pleas | OTN: G 847762-6 |
| Arrest Date: 09/03/2019 | | Disp. Event Date: 10/29/2019 |
| Last Action: Formal Arraignment | | Last Action Date: 12/18/2019 |
| Next Action: | | Next Action Date: |
| Bail Type: Monetary | Bail Amount: $2,000.00 | Bail Status: Posted |

| Statute | Grade | Description | Disposition | Counts |
|---|---|---|---|---|
| 18 § 5104 | M2 | Resist Arrest/Other Law Enforce | Hold for Court | 1 |

Recent entries made in the court filing offices may not be immediately reflected on the court summary report. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these reports. Court summary report information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

Please note that if the offense disposition information is blank, this only means that there is not a "final disposition" recorded in the Magisterial District Court Case Management System for this offense. In such an instance, you must view the public web docket sheet of the case wherein the offense is charged in order to determine what the most up-to-date disposition information is for the offense.

# Magisterial District Judge 10-2-10

## DOCKET

Docket Number: MJ-10210-NT-0000381-2025

## Non-Traffic Docket



Commonwealth of Pennsylvania

v.

Charles S. Rippy Jr.

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Chris Flanigan | Issue Date: | |
| OTN: | | File Date: | 11/24/2025 |
| Arresting Agency: | Greensburg City Police Dept | Arrest Date: | |
| Citation No.: | E 0000535-3 | Incident No.: | GB-25-08335 |
| Disposition: | Guilty Plea | Disposition Date: | 01/15/2026 |
| County: | Westmoreland | Township: | Greensburg City |
| Case Status: | Inactive | | |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Inactive | 01/15/2026 | Case Balance Due |
| | 01/15/2026 | Case Disposed/Penalty Imposed |
| | 01/15/2026 | Awaiting Sentencing |
| | 01/15/2026 | Awaiting Plea |
| | 11/24/2025 | Awaiting Plea |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Rippy, Charles S. Jr. | Sex: | Male |
| Date of Birth: | | Race: | Black |
| Address(es): | | | |
| Home | | | |
| Pittsburgh, PA 15215 | | | |

## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Murphy, Jonathan W. |
| Defendant | Rippy, Charles S. Jr. |

## CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 18 § 5505 | S | Public Drunkenness And Similar Misconduct | 11/24/2025 | Guilty Plea |

## DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|---|---|---|
| Guilty Plea | 01/15/2026 | No |

| Offense Seq./Description | Offense Disposition |
|---|---|
| 1 Public Drunkenness And Similar Misconduct | Guilty Plea |

MDJS 1200

Printed: 02/06/2026  2:39 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets. Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data, errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 10-2-10



## DOCKET

Docket Number: MJ-10210-NT-0000381-2025

## Non-Traffic Docket



Commonwealth of Pennsylvania

v.

Charles S. Rippy Jr.

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 01/15/2026 | Guilty Plea | Chris Flanigan | Charles S. Rippy Jr., Defendant |
| 12/15/2025 | Certified Summons Accepted | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 12/11/2025 | Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 12/11/2025 | Certified Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/25/2025 | Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/25/2025 | First Class Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/24/2025 | Non-Traffic Citation Filed | Magisterial District Court 10-2-10 | |

### CASE FINANCIAL INFORMATION

Case Balance: $265.75     Next Payment Amt:

Last Payment Amt:     Next Payment Due Date:

| | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|---|---|---|---|---|---|
| ATJ | $6.00 | $0.00 | $0.00 | $0.00 | $6.00 |
| CJES | $3.50 | $0.00 | $0.00 | $0.00 | $3.50 |
| Crime Victim Services and Compensation (Act 7 | $60.00 | $0.00 | $0.00 | $0.00 | $60.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| OAG - JCP | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| Title 18 - Payable to Municipality | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 |
| Miscellaneous Issuances | $22.50 | $0.00 | $0.00 | $0.00 | $22.50 |
| Domestic Violence Compensation (Act 44 of 198 | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Server Fee | $9.00 | $0.00 | $0.00 | $0.00 | $9.00 |
| Miscellaneous Issuances | $23.00 | $0.00 | $0.00 | $0.00 | $23.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 10-2-10

## DOCKET



Docket Number: MJ-10210-NT-0000380-2025

## Non-Traffic Docket

Commonwealth of Pennsylvania
v.
Charles S. Rippy Jr.

Page 1 of 2

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Chris Flanigan | Issue Date: | |
| OTN: | | File Date: | 11/24/2025 |
| Arresting Agency: | Greensburg City Police Dept | Arrest Date: | |
| Citation No.: | E 0000534-2 | Incident No.: | GB-25-08335 |
| Disposition: | Guilty Plea | Disposition Date: | 01/15/2026 |
| County: | Westmoreland | Township: | Greensburg City |
| Case Status: | Inactive | | |

### STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Inactive | 01/15/2026 | Case Balance Due |
| | 01/15/2026 | Case Disposed/Penalty Imposed |
| | 01/15/2026 | Awaiting Sentencing |
| | 01/15/2026 | Awaiting Plea |
| | 11/24/2025 | Awaiting Plea |

### DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Rippy, Charles S. Jr. | Sex: | Male |
| Date of Birth: | | Race: | Black |
| Address(es): | | | |

Home
Pittsburgh, PA 15215

### CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Arresting Officer | Murphy, Jonathan W. |
| Defendant | Rippy, Charles S. Jr. |

### CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1  18 § 5503 §§ A2 | S | Disorderly Conduct-Unreasonable Noise | 11/24/2025 | Guilty Plea |

### DISPOSITION / SENTENCING DETAILS

| Case Disposition | Disposition Date | Was Defendant Present? |
|---|---|---|
| Guilty Plea | 01/15/2026 | No |

| Offense Seq./Description | Offense Disposition |
|---|---|
| 1  Disorderly Conduct-Unreasonable Noise | Guilty Plea |

MDJS 1200

Printed: 02/06/2026  2:42 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.



# Magisterial District Judge 10-2-10

## DOCKET



Docket Number: MJ-10210-NT-0000380-2025

### Non-Traffic Docket

Commonwealth of Pennsylvania
v.
Charles S. Rippy Jr.

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 01/15/2026 | Guilty Plea | Chris Flanigan | Charles S. Rippy Jr., Defendant |
| 12/15/2025 | Certified Summons Accepted | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 12/11/2025 | Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 12/11/2025 | Certified Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/25/2025 | Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/25/2025 | First Class Summons Issued | Magisterial District Court 10-2-10 | Charles S. Rippy Jr., Defendant |
| 11/24/2025 | Non-Traffic Citation Filed | Magisterial District Court 10-2-10 | |

### CASE FINANCIAL INFORMATION

Case Balance: $538.11     Next Payment Amt:
Last Payment Amt:         Next Payment Due Date:

| | Assessment Amt | Adjustment Amt | Non-Monetary Payment Amt | Payment Amt | Balance |
|---|---|---|---|---|---|
| ATJ | $6.00 | $0.00 | $0.00 | $0.00 | $6.00 |
| CJES | $3.50 | $0.00 | $0.00 | $0.00 | $3.50 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $11.20 | $0.00 | $0.00 | $0.00 | $11.20 |
| County Court Cost (Act 204 of 1976) | $41.10 | $0.00 | $0.00 | $0.00 | $41.10 |
| Crime Victim Services and Compensation (Act 7 | $60.00 | $0.00 | $0.00 | $0.00 | $60.00 |
| JCPS | $21.25 | $0.00 | $0.00 | $0.00 | $21.25 |
| Judicial Computer Project | $8.00 | $0.00 | $0.00 | $0.00 | $8.00 |
| OAG - JCP | $2.50 | $0.00 | $0.00 | $0.00 | $2.50 |
| State Court Costs (Act 204 of 1976) | $11.20 | $0.00 | $0.00 | $0.00 | $11.20 |
| Title 18 - Payable to Municipality | $300.00 | $0.00 | $0.00 | $0.00 | $300.00 |
| Postage - Case | $8.86 | $0.00 | $0.00 | $0.00 | $8.86 |
| Miscellaneous Issuances | $22.50 | $0.00 | $0.00 | $0.00 | $22.50 |
| Domestic Violence Compensation (Act 44 of 198 | $10.00 | $0.00 | $0.00 | $0.00 | $10.00 |
| Server Fee | $9.00 | $0.00 | $0.00 | $0.00 | $9.00 |
| Miscellaneous Issuances | $23.00 | $0.00 | $0.00 | $0.00 | $23.00 |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act  (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

✎PROB/PTS 4

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

### ADMISSION/DENIAL REPORT
### REPORT OF POSITIVE URINALYSIS

Name: _Charles Rippy_                Docket No.: _5:24CR39_

Client _3679703_

Date Sample Taken: _10/14/2025_          Barcode #: _____

Results of Urinalysis: Positive For: _Cocaine_

You are hereby provided with notice of a positive test result for a urine specimen submitted by you on the date indicated above. Use of prohibited substances (which includes drugs prescribed for someone other than you by a licensed physician) constitutes a violation of your release conditions. Positive test results, whether admitted or denied, are reported to the court and may result in a court hearing to determine if you are in violation of the conditions of your release. During this hearing you have the right to representation by counsel, and an attorney will be appointed for you if you cannot afford one.

**I HAVE READ AND UNDERSTAND THIS NOTICE, AND I AM AWARE OF MY RIGHTS TO A HEARING.**

Initial One:

*CSR*

☑ I admit to illegal use of a prohibited controlled substance as indicated by the above-urine test result.

☐ I deny illegal use of a prohibited controlled substance as indicated by the above-reported urine test result.

_____          _____
Signature of Client                            Witnessed By

_10/14/25_                              _10/14/2025_
Date                                     Date

Comments: _I last used Cocaine 10/09/2025_

_C S R_

## VIOLATION WORKSHEET

1.    Defendant:  Charles Smith Rippy

2.    Docket Number (Year-Sequence-Defendant No.):  5:24CR39

3.    District/Office:  Northern District of West Virginia/Wheeling

4.    Original Sentence Date:  May 7, 2025

(If different than above)
5.    Original District/Office (if different than above):

6.    Original Docket Number (Year-Sequence-Defendant No.):

7.    List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | | Grade |
|---|---|---|
| • No.1 | New law violation | B |
| • No.2 | Possession of a controlled substance | B |
| • No.3 | Unlawful use of a controlled substance | B |
| • No.4 | Residing at an unapproved residence | C |
| • No.5 | Failure to participate in substance abuse treatment | C |
| • No.6 | Failure to participate in mental health treatment | C |
| • No.7 | New law violation | B |
| • No.8 | Possession of a controlled substance | B |
| • No.9 | Unlawful use of a controlled substance | B |
| • No.10 | New law violation | B |
| • No.11 | Possession of a controlled substance | B |
| • No.12 | Unlawful use of a controlled substance | B |
| • No.13 | Residing at an unapproved residence | C |
| • No.14 | Failure to follow directions of the probation officer | C |
| • No.15 | Failure to participate in substance abuse treatment | C |
| • No.16 | Failure to participate in mental health treatment | C |
| • No.17 | New law violation | B |
| • No.18 | Possession of a controlled substance | B |
| • No.19 | Unlawful use of a controlled substance | B |
| • No.20 | New law violation | C |
| • No.21 | Residing at an unapproved residence | C |
| • No.22 | Failure to participate in substance abuse treatment | C |
| • No.23 | Failure to participate in mental health treatment | C |
| • No.24 | New law violation | B |
| • No.25 | Possession of a controlled substance | B |
| • No.26 | Unlawful use of a controlled substance | B |

Defendant:  Charles Smith Rippy

8.      Most Serious Grade of Violation (see §7B1.1(b)):          **B**

9.      Criminal History Category (see §7B1.4(b)):          **IV**

10.     Range of Imprisonment (see §7B1.4(a)):          **12-18**

11.     Sentencing Options for Grade B and C Violations Only
        (check the appropriate box):

        (a) If the minimum term of imprisonment determined under §7B1.4 (Term of
        Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1)
        provides sentencing options to imprisonment.

        (b) If the minimum term of imprisonment determined under §7B1.4 (Term of
        Imprisonment) is more than six months but not more than ten months,
        §7B1.3(c)(2) provides sentencing options to imprisonment.

   __X__  (c) If the minimum term of imprisonment determined under §7B1.4 (Term of
        Imprisonment) is more than ten months, no sentencing options to imprisonment
        are available.

12.     Unsatisfied Conditions of Original Sentence:

        *List any restitution, fine, community confinement, home detention, or
        intermittent confinement previously imposed, in connection with the sentence
        for which revocation is ordered, that remains unpaid or not served at the time of
        revocation (see § 7B1.3[d]):*

        <u>Restitution($)</u>:  **N/A**          <u>Community
                                                Confinement</u>:          **N/A**

        <u>Fine($)</u>:  **N/A**          <u>Home Detention</u>:          **N/A**

        <u>Other</u>:  **$0.55**          <u>Intermittent
        (S.A.F.)                          Confinement</u>:          **N/A**

13.     Supervised Release:

        If Probation is to be revoked, determine the length, if any, of the term of Supervised
        Release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

                        Term:  **N/A**

        If Supervised Release is revoked and the term of imprisonment imposed is less
        than the maximum term of imprisonment imposable upon revocation, the
        defendant may, to the extent permitted by law, be ordered to recommence
        Supervised Release upon release from imprisonment (see 18 U.S.C. § 3583(e)
        and §7B1.3(g)(2).

Defendant:  Charles Smith Rippy

Pursuant to 18 U.S.C. § 3624(e), multiple terms of Supervised Release are to run concurrently.

Period of Supervised Release to be served following release from imprisonment: **36 months, less the term of imprisonment imposed**

14.    Departure:

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment: **N/A**

**NOTE:**  The maximum term of imprisonment imposable upon revocation of Supervised Release for a Class C Felony is 24 months, pursuant to Title 18 U.S.C. § 3583(e)(3).